## GEORGE W. ELA *vs.* THOMAS EDWARDS.

If ancillary administration is taken out in another state upon the estate there of a deceased citizen of Massachusetts, a decree of the judge of probate there, allowing a claim of the administrator against the estate, and finding a balance due to him over and above the assets there coming to his hands, is not conclusive here, and will not entitle the administrator to charge for such balance here.

APPEAL from the decree of the judge of probate, disallowing a portion of the account of George W. Ela, as executor of the will of Susan S. Edwards, late of Westboro, deceased.

The only question was as to one item of $2535.09, charged by the executor as the balance found due to him from the estate by a decree of the judge of probate in Merrimack County, New Hampshire, where the testatrix had formerly resided, and where Ela took out ancillary administration upon her estate there. It was agreed that Ela rendered an account of his ancillary administration there, in which he acknowledged the receipt of assets to the amount of $674.79, and asked allowance of payments and expenses to the amount of $209.88, and of a claim of his own against the deceased to the amount of $3000, for services rendered to the deceased in Massachusetts and New Hampshire. This account was there allowed, after due notice, and a balance of $2535.09 was accordingly found due to Ela; and he, in his account here, charged the estate with this balance, and contended that the decree of the judge of probate in New Hampshire was conclusive, but the judge of probate disallowed it.

The case was reserved by *Colt*, J., for the determination of the whole court.

---

*F. H. Dewey*, for the appellant. This case is distinguishable from *Low* v. *Bartlett*, 8 Allen, 259. In this case, the same person is executor and administrator. There, it was not so. In this case, it is not a claim of a creditor that is sought to be enforced; but the claim is for the balance of an account as administrator. If there had been a balance of assets remaining there, he would have been obliged to account for it here. Therefore the balance in his favor should be allowed here. See *Edwards* v. *Ela,* 5 Allen, 87.

*W. W. Rice*, for the appellee.

HOAR, J. We are unable to find any just ground of distinction between the principles which must govern this case, and those which determined the decision in *Low* v. *Bartlett,* 8 Allen, 259. It was there held that there is no such privity between an executor in this commonwealth and an ancillary administrator appointed in another state, as would enable a creditor of the testator, who had obtained a judgment against the administrator there, to enforce it against the executor in Massachusetts. The distinction which the appellant makes is, that in the case at bar the executor and the administrator are the same person. But the item which he asks to be allowed in his account, which is the balance due him on the settlement of his account as administrator in New Hampshire, is created by the allowance there of a debt which he proved against the estate. That allowance established a claim in his own favor against the assets in that jurisdiction. But the creditors and legatees here are certainly not bound by it. They were under no obligation to go there to contest it. The New Hampshire court had no jurisdiction over it, for the purpose of binding the assets in Massachusetts.

*Decree of the judge of probate affirmed.*